SUMMERS, Justice
(dissenting).
In my opinion the authorities relied upon are not controlling here. State v. Brown, 221 La. 394, 59 So.2d 431 (1952), is distinguishable on the facts. There neither the witness nor the attorney actually claimed the privilege against self-incrimination. It was claimed for the witness by the judge. This is impermissible. Reference to Wig-more sheds little light on the subject.
The better view in this situation is to permit the witness’ counsel to assert the privilege against self-incrimination on behalf of the witness. Especially is this true where, as here, the witness is a teenage girl obviously unaware of her rights. Thus it was the better practice which the trial judge adopted — to appoint counsel to represent the young witness and permit him to assert the privilege on her behalf.
A custom has prevailed in most courts of this state for the judge to advise the witness of his right against self-incrimination or to appoint counsel to do so, requiring, however, that upon receipt of the advice the witness must personally assert the privilege. This salutary custom should not be fashioned into a hard and fast rule under all circumstances, but should be left to the sound discretion of the trial judge under the facts and circumstances of each case. A proper latitude, therefore, would permit appointed counsel to assert the privilege for juveniles. Many courts subscribe to this view. See Brody v. United States, 243 F.2d 378 (1st Cir. 1957); cert. denied, 354 U.S. 923, 77 S.Ct. 1384, 1 L.Ed.2d 1438; State v. Pinch, 197 N.E.2d 235 (Ohio App.1962) and the cases cited there.
I am furthermore in disagreement with the remand for a hearing on this issue after trial.
I respectfully dissent from this remand.